# ST. LOUIS GUNNING ADVERTISING COMPANY, Appellant, v. BAPTISTE, Respondent.

### St. Louis Court of Appeals, February 9, 1909.

1. **CONTRACTS:** Alteration. Where a contract of lease was altered by the lessee after execution and delivery without the knowledge of the lessor, by changing the dates showing the beginning and termination of the term, the lessee could not recover for breach of the terms of the contract made by the lessor.

2. **PRACTICE:** Admissions: Alteration of Contract. In an action on a contract in which the defendant pleaded an. alteration of the instrument sued on, a letter written by the defendant to the plaintiff referring to the contract as altered was not such an admission that the alteration was made before delivery as to warrant a conclusive presumption to that effect; it was evidence *in pais* which was susceptible of explanation and did not have an effect such as a solemn admission in the pleadings or in open court would have.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*Bond, Marshall & Bond* and *William H. Bleyer* for appellant.

(1) Where the finding is inconsistent with the admissions of the successful party or the uncontradicted evidence, it will be set aside on appeal. Holt v. Martin, 53 Mo. App. 187; Muir v. Proctor & Gamble Co., 81 Mo. App. 420; Joy v. Cale, 124 Mo. App. 575. (2) It is settled in this State that the solemn admissions of a party, made in the course of a trial, have the same effect as if contained in his pleadings, and for the purpose of the action are to be taken as true. Shanahan v. Transit Co., 109 Mo. App. 228, 233; Holmes v. Leedbetter, 95 Mo. App. 419; Feary v. Rail-

road, 162 Mo. 105; Septomski v. Railway, 102 Mo. App. 110; Cogan v. Railway, 101 Mo. App. 179; Erwin v. Railway Co., 94 Mo. App. 297; Taylor v. Railroad, 185 Mo. 240, 262.

*Thomas D. Cannon* for respondent.

Where a jury is waived, and the issues are submitted to the court, all presumptions are in favor of the correctness of its findings on the questions of fact involved. Bond & Stock Company (Mo.), 112 S. W. 244; Hamilton v. Boggess, 63 Mo. 251.

GOODE, J.—Plaintiff, an incorporated company and successor to the Williamson-Gunning Advertising Company, sued for damages for the breach of a written contract by defendant purporting to lease the south wall of a building to said Williamson-Gunning Company for advertising purposes. The rent to be paid was twenty dollars a year and the painting of a sign on the wall advertising the Baptiste Tent and Awning Company's business. The instrument of lease was dated October 2, 1903, and as originally written purported to run from January 29, 1903, to January 29, 1904, with an agreement that the lessee might have it at the same rental for the five succeeding years, unless he gave written notice to terminate the lease to the lessor ten days before the end of any current year. The contract was drawn on a printed form with blanks for the insertion of the consideration, the description of the wall and of the building of which the wall was a part, and of the dates of the beginning and end of the term. The spaces for dates were in this form:

"From —— day of ——, 190 , to the —— day of —— 190 ."

Those spaces were filled in at first so as to read as follows:

"From 29th day of Jan. 1903, to the 29th day of Jan., 1904."

Afterwards the writing was altered by placing figure four over figure three and five over four, in this manner:

"From 29th day of Jan., 1904, to the 29th day of Jan., 1905."

The writing as altered purported to grant a lease of the wall from January 29, 1904, to January 29, 1905, instead of from January 29, 1903, to January 29, 1904, as it did according to the original year figures. In defense the alteration is charged to have occurred after the execution of the instrument and without the knowledge of defendant. On this question there was a sharp conflict in the evidence, positive testimony for plaintiff being that just before or after George Baptiste, president of the Baptiste Tent & Awning Company, had signed the contract, he called the attention of Arthur Wolff, advertising solicitor for plaintiff, and who had solicited the lease, to the error in the figures and they were immediately altered in the presence of Mr. Baptist. The contract was executed in duplicate and one copy was given to Baptiste, and the evidence for plaintiff rather tends to show the year figures in both copies of the contract were changed before Baptiste signed, and that whenever changed, it was done with his knowledge and approval. The sign of the Baptiste Tent & Awning Company was painted in November, 1904, said sign being, as stated, part of the rental for the wall, on which the signs of other concerns were to be painted by the lessee. Testimony for plaintiff goes to prove Baptiste refused the tender of rent for the second year from January, 1905, to January, 1906, stating he could get more rent for the wall. Several witnesses so testified. George Baptiste and other witnesses, either testified positively or gave testimony indicating the figures inserted to show the first year of the letting were changed after Baptiste had signed the writing and

without his knowledge. He swore that, though the contract was made in October, 1903, in order to get the wall Wolff agreed to pay him the full price for said year, and the first year was intended to be stated as running from January 29, 1903, to January 29, 1904. The judge who tried the case found the weight of the evidence showed the contract sued on had been altered by plaintiff after execution by defendant and without the knowledge and consent of the latter, by changing the figures we have mentioned; and thereupon the court entered judgment for defendant; which ruling is right if, in truth, the contract was altered after its execution and without defendant's knowledge. [Kelly v. Thuey, 143 Mo. 222.] The judgment was right, too, unless the evidence was decisive in favor of plaintiff's contention on the main issue of fact, as is conceded by its counsel. They contend the evidence proves conclusively the alteration of the contract was made either before defendant signed it, or afterwards, with his knowledge and consent; so that he understood he was engaging to rent the wall for five years from January 29, 1904, instead of from January 29, 1903. On January 9, 1905, defendant wrote the Williamson-Gunning Company the following letter:

BAPTISTE TENT & AWNING CO.,
612 North Third Street,
Saint Louis, Mo.

"Jan. 9, 1905.

"Williamson-Gunning Adv. Co.,

"Gentlemen: Please observe that the term of one year for which the south wall of building at 612 N. 3d Str. and now used by you, was rented by you, will expire on January 29th, 1905, and as we desire to repossess said premises, you are hereby requested and required to vacate the same.

"(Signed)    GEO. BAPTISTE."

Because defendant said in the letter we have quoted, the term of one year for which the wall had been leased would expire January 29, 1905, and because, further, defendant, as counsel for plaintiff say, could not satisfactorily explain said statement on the witness stand, it is argued the statement amounted to a solemn admission in open court that the first year of the letting ran from January 29, 1904, to January 29, 1905. It can be inferred from defendant's testimony regarding the statement in the letter that he was misled by the contract as altered, being ignorant at the time he wrote or forgetting for the nonce the instrument had been changed after execution. Whether or not defendant's explanation of the statement in the letter was satisfactory said statement was no solemn admission in open court, such as an averment in a pleading or admission of some fact for the sake of dispensing with proof of it, would be. In truth the letter was evidence *in pais,* offered by plaintiff as an admission against interest, and defendant's explanation of it, whether awkward or plausible, did not carry it into the class of judicial admissions, which bind the party making them and the court. [1 Greenleaf, Evidence (16 Ed.), sec. 205.]

The judgment will be affirmed. All concur.